* * * * * * * * * * *
The Full Commission reviewed the prior Decision and Order, based upon the record of the proceedings before Deputy Commissioner Harris and the briefs before the Full Commission. The appealing party has not shown good grounds to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Decision and Order, except for minor modifications. Accordingly, the Full Commission affirms the Decision and Order of Deputy Commissioner Harris with minor modifications.
 * * * * * * * * * * *
The following documents were proffered as evidence at the hearing before the Deputy Commissioner: *Page 2 
 EXHIBITS
1. Plaintiff's Exhibit 1: Letter dated 8/6/01 and Educational Agreement
2. Plaintiff's Exhibit 2: Letter dated 8/8/01
3. Plaintiff's Exhibit 3: Plaintiff's written statement
4. Plaintiff's Exhibit 4: Diagram of location of pepper spray
5. Plaintiff's Exhibit 5: Letter dated 7/21/01
6. Plaintiff's Exhibit 6: Plaintiff's written statement
7. Plaintiff's Exhibit 7: Diagram of cell block
8. Plaintiff's Exhibit 8: Letter dated 7/23/01
9. Plaintiff's Exhibit 9: Letter dated 7/19/01
10. Plaintiff's Exhibit 10: DC-160 form dated 7/16/01
11. Plaintiff's Exhibit 11: DC-160 form dated 8/2/01
12. Defendant's Exhibit 1: Witness statements
13. Defendant's Exhibit 2: Duane Evans training record
14. Defendant's Exhibit 3: William Spence training record
 * * * * * * * * * * *
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. On July 16, 2001, Plaintiff returned to his cell block from the yard shortly after 11 a.m. and noticed that some cardboard that he had affixed to the bottom of his cell door had been removed. Plaintiff had the cardboard in place to try to keep flies out of his cell. *Page 3 
2. Plaintiff questioned Correctional Officer Duane Evans, who was seated at a desk in the cell block, about how the cardboard had come to be removed.
3. A disagreement of some sort ensued and Officer Evans pepper sprayed Plaintiff. The pepper spray did not hit Plaintiff in the face, but rather hit him in the back and side of his head. As Plaintiff testified, he believes that Officer Evans intended to pepper spray him. The Full Commission also finds that Officer Evans reasonably believed that the use of pepper spray was necessary under the circumstances.
4. Plaintiff was taken to the prison nurse, who examined Plaintiff and concluded that, because the pepper spray had not gotten in his eyes or on his face, Plaintiff was not in need of medical attention.
5. Officers Evans, Kenneth Shields and Stephen Tanner then took Plaintiff for a shower to remove the pepper spray from his body. The shower was pre-set for a standard temperature, which was hot, and Plaintiff could not control the temperature. As Officer Kenneth Shields, the acting sergeant on the cell block on July 16, 2001, testified, the officers did not turn off the hot water to the shower. There is no evidence as to what sort of cleaning agent — soap, shampoo or otherwise, if any — was provided to Plaintiff.
6. During the shower, the pepper spray migrated down to Plaintiff's pubic area and caused pain and burning that lasted for several days.
7. Training records showed that, prior to July 16, 2001, Officer Evans had received a total of ten hours of pepper spray training on four separate dates. As part of the training, Officer Evans was himself sprayed.
8. As Captain William Spence, who has taught pepper spray training courses, testified, the proper course of decontamination from pepper spray exposure is flushing with *Page 4 
copious amounts of water in a cool shower and the use of baby shampoo. As Captain Spence also acknowledged, warm water tends to aggravate the pepper spray's effects, and the pubic area is particularly sensitive to the effects of pepper spray.
9. After the July 16, 2001 incident, Plaintiff was placed in disciplinary segregation, meaning that he missed 30 days of classes in a course he was taking.
10. Plaintiff asserts that Defendant was negligent in failing to train Officer Evans in the proper use of pepper spray and the appropriate circumstances for its use. Plaintiff also asserts that Defendant's personnel were negligent in failing to provide him with proper decontamination from the pepper spray exposure. Plaintiff also asserts that he should not have been disciplined following the incident and that doing so wrongfully deprived him of his educational opportunity.
 * * * * * * * * * * *
Based upon the foregoing findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Officer Evans' conduct was intentional, as was the decision to discipline Plaintiff by placing him in segregation following the incident, and the Industrial Commission has no jurisdiction to award damages for intentional conduct under the State Tort Claims Act. N.C. Gen. Stat. § 143-291.
2. Plaintiff has failed to show that Defendant was negligent in its training of Officer Evans in the use, and circumstances for use, of pepper spray. Rather, the evidence shows that Defendant fulfilled its duty to provide Officer Evans with proper training.
3. Defendant's personnel owed Plaintiff a duty of care to provide him with proper decontamination to remove the pepper spray. Plaintiff has shown that Defendant's personnel *Page 5 
breached that duty by failing to ensure that Plaintiff received a cool shower with the use of baby shampoo.
4. As an actual and proximate result of the improper decontamination, Plaintiff had to endure the pain and suffering of several days of burning in his pubic area.
5. Having shown that he was damaged by the negligence of Defendant's officers, Plaintiff is entitled to compensation under the Tort Claims Act. N.C. Gen. Stat. § 143-291.
 * * * * * * * * * * *
Based upon the foregoing findings of fact and conclusion of law, the Full Commission enters the following:
 ORDERED
1. Defendant shall pay to Plaintiff the sum of $300.00 in money damages.
2. Defendant shall pay the costs of this action.
 * * * * * * * * * * *
This 28th day of July 2008.
S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/___________________ DIANNE C. SELLERS COMMISSIONER *Page 1